IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRYAN WILLIAM KREHNBRINK,

Plaintiff,

v.

UNIVERSITY OF NORTH CAROLINA
SCHOOL OF MEDICINE,

Defendant.

1:25CV661

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case is now before the Court on defendant University of North Carolina at Chapel Hill's (UNC-CH)[1] motion to dismiss, Docket Entry 5, and plaintiff Bryan William Krehnbrink's motions to file documents electronically, Docket Entry 8, and amend his complaint, Docket Entry 10. For the reasons set forth herein, the Court grants Krehnbrink's motion to file documents electronically, Docket Entry 8. It is recommended that the Court grant Krehnbrink's motion to amend his complaint, Docket Entry

10, and grant UNC-CH's motion to dismiss, Docket Entry 5.

## I. BACKGROUND

Krehnbrink is a Psychiatric Mental Health Nurse Practitioner who worked for the UNC-CH School of Medicine from 2018 through 2023. *See* Docket Entry 10-1 at 8, 11. During his time as a UNC-CH employee, he complained to the Chair of the Department of Psychiatry and the Dean of the School of Medicine that he did not receive a salary increase multiple years in a row because "raise

---

[1] Krehnbrink named the University of North Carolina School of Medicine in his complaint. Docket Entries 1 at 1–2, 10-1 at 1–2. The defendant, however, states that the School of Medicine is a part of UNC-CH and that UNC-CH is therefore the proper name of the defendant, Docket Entry at 3 n.2, which Krehnbrink does not contest, *see generally* Docket Entry 9. This is of no consequence,

ultimately. *vonRosenberg v. Lawrence*, 422 F. Supp. 3d 1048, 1060 (D.S.C. 2019) (finding that if a complaint names a defendant "in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose") (quoting and citing *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)).

priorities were for persons with claims of DEI ethnicity, orientation or gender." *Id.* at 8. He alleges that this was part of broader scheme in which "the department's DEI policies . . . were . . . discriminatory and exclusionary only toward heterosexual Caucasian men." *Id.* at 10.

Eventually, the Psychiatry Chair told Krehnbrink that UNC-CH would not be renewing Krehnbrink's employment contract. *Id.* at 11. Krehnbrink alleges that he had no job performance issues and that "[d]ocuments would later show the sole reason for the nonrenewal was [the Psychiatry Chair's] dislike of" Krehnbrink's complaints. *Id.*

Krehnbrink challenged his contract nonrenewal through UNC-CH's grievance process and filed a complaint with the Equal Employment Opportunity Commission (EEOC). *Id.* at 20–25. Eventually, the EEOC sent Krehnbrink a letter informing him that he had the right to file a lawsuit within 90 days. *Id.* at 26; *see also* 29 C.F.R. § 1601.28(e)(1). The UNC-CH grievance process ultimately did not resolve the case in Krehnbrink's favor. Docket Entry 10-1 at 27.

Krehnbrink has now sued UNC-CH claiming:

- Violations of Title VII;

- Violation of the First Amendment, the Fourteenth Amendment, and "procedural due process," allowing Krehnbrink to sue under 42 U.S.C. § 1983;

- Various state torts including "constructive discharge and retaliatory reassignment"; "tortious interference with professional opportunities," "defamation," and "negligent and intentional infliction of emotional distress";

- "[B]reach of implied contract and covenant of good faith and fair dealing"; and

- Violation of the North Carolina Whistleblower Protection Act.

*Id.* at 34.

UNC-CH filed a motion to dismiss all of Krehnbrink's claims against it on September 29, 2025. Docket Entry 5. Because Krehnbrink's original complaint named only UNC-CH as a defendant, *see generally* Docket Entry 1, such dismissal would have effectively ended Krehnbrink's suit. Krehnbrink therefore filed a motion to amend his complaint roughly two weeks later, on October 14, 2025. Docket Entry 10. Attached to this motion was an amended complaint that named various UNC-CH officials as defendants. *See generally* Docket Entry 10-1.

## II. MOTION TO FILE ELECTRONICALLY

"[A]ny person appearing *pro se* may use electronic filing only with the permission of the assigned Judge." M.D.N.C. L.R. 11.1(c). Krehnbrink requests that he be allowed to file electronically because doing so will "save paper and time for the Court, Plaintiff, and Defendants." Docket Entry 8 at 1. The Court agrees and grants Krehnbrink permission to file electronically as set forth in M.D.N.C. L.R. 5.3(c). The fact that Krehnbrink is not an attorney will not constitute an excuse to violate the procedures of proper electronic filing.

## III. MOTION TO AMEND COMPLAINT

A plaintiff may amend their complaint once as a matter of course within twenty-one days of service of a motion to dismiss for failure to state a claim.[2] Fed. R. Civ. P. 15(a)(1)(B).

Here, Krehnbrink filed a motion to amend his complaint sixteen days after UNC-CH's attorney filed its

motion to dismiss for failure to state a claim. *See* Docket Entries 5, 10.

It is therefore recommended that the Court grant Krehnbrink's motion and consider Krehnbrink's proposed amended complaint at Docket Entry 10-1 as the operative complaint in this case. The Clerk shall file Docket Entry 10-1 as an amended complaint but wait for a ruling from the Court before adding the defendants listed therein to the caption.

## IV. MOTION TO DISMISS

UNC-CH moves this Court to dismiss Krehnbrink's complaint for failure to state a claim. Docket Entry 5. To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative

---

[2] UNC-CH argues in its briefing supporting its motion to dismiss that "[t]his Court has previously denied opportunities to amend to add individual defendants in § 1983 actions when the sole purpose for amendment was to circumvent a motion to dismiss." Docket Entry 11 at 4–5 (citing *Googerdy v. N. Carolina Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005)). However, UNC-CH abandons this argument in its response to Krehnbrink's motion to amend, which acknowledges

that Krehnbrink's amendment is appropriate as a matter of course. *See generally* Docket Entry 12. In any case, the argument is unpersuasive. *Googerdy* involved a plaintiff who had previously amended their complaint, *see* 386 F. Supp. 2d at 622, and who therefore did not fall within Rule 15(a)(1)(B), which a plaintiff can only use once. Here, Krehnbrink requests his first amendment; Rule 15(a)(1)(B) therefore controls.

level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (2007) (citation omitted).

As previously stated, Krehnbrink amended his complaint following UNC-CH's motion. *See* Docket Entry 10-1. However, an amended complaint does not moot a motion to dismiss if the amended complaint does not address the defects identified by the motion. *Contreras v. Thor Norfolk Hotel, L.L.C.,* 292 F. Supp. 2d 798, 800 n.1 (E.D. Va. 2003); *accord. Kevin Eric Scott Priv. Living Tr. v. U.S. Dep't of Just.,* No. 3:25CV27-GCM, 2025 WL 3492823, at *1 n.3 (W.D.N.C. June 12, 2025), *aff'd sub nom. Scott v. United States Dep't of Just.,* No. 25-1716, 2025 WL 3467540 (4th Cir. Dec. 1, 2025).

Here, Krehnbrink's amended complaint adds defendants but does not cure any of the defects in his pre-existing claims against UNC-CH. UNC-CH's motion to dismiss those claims therefore remains ripe.

For the reasons stated below, the Court should grant the motion and dismiss Krehnbrink's claims against UNC-CH.

> A. Krehnbrink Did Not Timely File His Title VII Claims Against UNC-CH.

A plaintiff must bring a Title VII claim no more than ninety days after they receive notice of their right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149 (1984);

*Allen v. Atlas Box & Crating Co.,* 59 F.4th 145, 147 (4th Cir. 2023).

The Court may equitably toll this deadline. *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir. 1987); *accord. Strothers v. City of Laurel, Md.,* 118 F. Supp. 3d 852, 860 (D. Md. 2015). However, equitable tolling is "rare" and appropriate "only when extraordinary circumstances beyond [the plaintiff's] control prevented him from complying with the statutory time limit." *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001) (citations modified); *accord. Caudill v. N. Carolina Symphony Soc'y, Inc.,* 750 F. Supp. 3d 531, 555 (E.D.N.C. 2024).

Here, Krehnbrink alleges that he received notice of his right to sue from the EEOC over a year before he filed his lawsuit. *See* Docket Entries 1, 9 at 7, 10-1 at 26. Title VII's ninety-day deadline therefore bars his claims.

And equitable tolling is not appropriate because nothing prevented Krehnbrink from bringing his claims sooner. Krehnbrink alleges that he was aware of the ninety-day deadline but chose to see his complaints through the internal grievance process at UNC-CH before filing a lawsuit. *See* Docket Entry 10-1 at 26–27; Docket Entry 9 at 6–7. Krehnbrink believed the grievance process would provide him with a hearing and conclude within six months, neither of which turned out to be correct. *Id.* at 7–8. The failure of UNC-CH's grievance process to work as Krehnbrink expected is not the sort

Case 1:25-cv-00661-UA-JGM    Document 14    Filed 04/27/26    Page 4 of 10

of extraordinary circumstance that warrants equitable tolling.

It is therefore recommended that the Court dismiss Krehnbrink's Title VII claims against UNC-CH.

B. UNC-CH Is Not a Proper Defendant Under Section 1983.

The Eleventh Amendment deprives this Court of jurisdiction to hear a suit brought against a state brought by a citizen, creating what is often referred to as sovereign immunity. *See* U.S. Const., amend. XI; *Albert v. Lierman*, 152 F.4th 554, 560 (4th Cir. 2025).

Congress may abrogate sovereign immunity. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). But Congress did not do so through 42 U.S.C. § 1983, which only authorizes suits against a "person," not a state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *accord. Johnson v. McCowan*, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021).

Further, sovereign immunity "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). Courts have therefore found that suits against institutions within the University of North Carolina system are suits against the state and barred by sovereign immunity. *E.g., Costello v. Univ. of N. Carolina at Greensboro*, 394 F. Supp. 2d 752, 761 (M.D.N.C.

2005); *Rageh v. Univ. of N. Carolina*, No. 1:24-CV-336, 2024 WL 5056448, at *5 (M.D.N.C. Dec. 10, 2024); *see also Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1139 n.6 (4th Cir. 1990).

Here, Krehnbrink brings multiple Section 1983 claims against UNC-CH, which is a member of the University of North Carolina system. Krehnbrink's claims against UNC-CH are therefore effectively claims against the state of North Carolina and barred by the Eleventh Amendment.

Krehnbrink argues that *Ex parte Young*, 209 U.S. 123 (1908), allows plaintiffs to bring Section 1983 claims against state officials. Docket Entry 9 at 10–11. But this is irrelevant to UNC-CH's motion, which seeks only the dismissal of Krehnbrink's claims against the university, not any officials. *See* Docket Entry 5. The issue of whether Krehnbrink has stated a claim against any officials—as his amended complaint now attempts—is not properly before the Court at this time.

It is therefore recommended that the Court dismiss Krehnbrink's Section 1983 claims against UNC-CH.

C. Krehnbrink Has Abandoned Any Claims He Made Under the Equal Pay Act Against UNC-CH.

The Equal Pay Act (EPA) prohibits disparate pay between people of different sexes for equal work. 29 U.S.C. § 206(d). Sovereign immunity

Case 1:25-cv-00661-UA-JGM   Document 14   Filed 04/27/26   Page 5 of 10

does not shield states from claims brought under the Equal Pay Act because the act abrogates the Eleventh Amendment. *See, e.g., Kovacevich v. Kent State Univ.*, 224 F.3d 806, 820 (6th Cir. 2000). *See also, e.g.*, *Brinkman v. Department of Corrections*, 21 F.3d 370, 372 (10th Cir.), *cert. denied*, 513 U.S. 927 (1994); *Reich v. New York*, 3 F.3d 581, 590–91 (2d Cir. 1993), *cert. denied*, 510 U.S. 1163 (1994); *Hale v. Arizona*, 993 F.2d 1387, 1391–92 (9th Cir.) (en banc), *cert. denied*, 510 U.S. 946 (1993).

However, Krehbrink does not plead a viable EPA claim. The amended complaint alleges that he "engaged in multiple protected activities under the Fair Labor Standards Act's anti-retaliation provision[3] and the Equal Pay Act," including complaining about "gender pay inequity with his Department, Filing a Grievance with the University of North Carolina [on] gender discrimination, [and] Filing his original Charge of Discrimination with the U.S. Equal Employment Opportunity Commission." Docket Entry 10-1 at 33. The amended complaint later states that Krehnbrink seeks relief "pursuant to the Equal Pay Act." Docket Entry 10-1 at 34. This is the entire basis of his claim, as pled in the amended complaint.

UNC-CH argues that Krehnbrink's "stray statements, with nothing more,

---

[3] The Court should not construe Krehnbrink as bringing a claim against UNC-CH under the Fair Labor Standards Act (FLSA). "[C]ourts are not required to scour pleadings for stray phrases that could, with the benefit of hindsight, be consistent with another theory." *Jackson v. Dameron*, 171 F.4th 641, 650 (4th Cir. 2026). Further, "if a pro se plaintiff's complaint raises different theories, some of which are plainly vague or weak, the court should construe in favor of the strongest theories." *Id.*

Here, Krehnbrink's amended complaint mentions the FLSA only once, Docket Entry 10-1 at 33, and in a portion of the complaint that he has since described as intended to provide context rather than state an independent claim, *see* Docket Entry 9 at 11–12.

And any FLSA claim would be a weak one, at best. To state a claim for retaliation under the FLSA, a person must allege that they "engaged in an activity protected by the FLSA." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). "[T]o constitute protected activity under the FLSA, an employee's complaints must be regarding the kinds of rights that the FLSA protects—namely, minimum wage and overtime compensation." *Bouchard v. Summit Ridge Energy, LLC*, No. 1:23CV1573 (DJN), 2024 WL 1468337, at *2 (E.D. Va. Apr. 3, 2024); *see also Kasten v. Saint-Gobain Performance Plastics Corp.,* 563 U.S. 1, 14 (2011) (finding that, for a complaint give rise to a retaliation claim under the FLSA, it must allow "a reasonable employer to understand it . . . as an assertion of rights *protected by the statute*" (emphasis added)). Here, Krehnbrink alleges that his complaints were about his lack of salary increase and gender discrimination. Docket Entry 10-1 at 8–11. The FLSA does not cover such grievances.

6

are not sufficient to state a claim" under the Equal Pay Act. Docket Entry 6 at 13.

Krehnbrink responds that he "is not stating a claim in regard to not getting a salary increase" and that "the alleged discrimination was only included as important information in this case." Docket Entry 9 at 11–12. Rather, Krehnbrink states that he intended to bring a claim under Title VII and Section 1983 for retaliation after he filed his grievances about pay. *See id*. at 12.

Krehnbrink's response abandons any claims under the Equal Pay Act against UNC-CH. It is therefore recommended that the Court dismiss all such claims.

   D. The Court Should Not Exercise Supplemental Jurisdiction over Any North Carolina Constitutional Law Claims Against UNC-CH.

Krehnbrink claims that UNC-CH violated "procedural due process, given his status as a state employee." Docket Entry 10-1 at 34. UNCH-CH construes this as a claim under the North Carolina constitution and argues for dismissal under Rule 12(b)(6). Docket Entry 6 at 19–22. However, the Court need not reach the issue of whether Krehnbrink successfully stated such a claim because the Court should not exercise

jurisdiction over any North Carolina constitutional claims against UNC-CH here.[4]

Federal courts may exercise supplemental jurisdiction over state law claims that are closely related to claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1367(a).

However, courts also have discretion to decline to exercise supplemental jurisdiction over claims that raise a "novel or complex" issue of state law. § 1367(c)(1); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, federal courts often decline to hear claims brought under state constitutions. *See Minnesota v. Nat'l Tea Co.*, 309 U.S. 551, 557 (1940) ("It is fundamental that state courts be left free and unfettered by us in interpreting their state constitutions."); *e.g., Phillips v. Rector & Visitors of Univ. of Virginia*, No. 3:22-CV-00075, 2024 WL 4831876, at *2 (W.D. Va. Nov. 19, 2024).

As already noted, sovereign immunity bars many of Krehnbrink's federal constitutional claims against UNC-CH. However, the viability of state constitutional claims is more nuanced here. The Eleventh Amendment does not bar North Carolina constitutional claims against the state if the claims are colorable and no other adequate remedy exists in state law. *Kinsley v.*

---

[4] The Court may raise jurisdictional issues *sua sponte*. *Brickwood*

*Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

Case 1:25-cv-00661-UA-JGM   Document 14   Filed 04/27/26   Page 7 of 10

*Ace Speedway Racing, Ltd.*, 904 S.E.2d 720, 726 (N.C. 2024).

Here, it is not clear whether any other adequate remedy exists under North Carolina law. Krehnbrink has made no argument to that effect; to the contrary, he attempts to state numerous other claims under North Carolina law, such as a claim under North Carolina's statutory protections for whistleblowers. *See* Docket Entry 10-1 at 34; Docket Entry 9 at 13–14. If he is correct that such relief is possible,[5] sovereign immunity would bar his state constitutional claims. If he is not, the Court would be faced with the difficult task of determining whether the facts of Krehnbrink's case offer any other remedy under state law such that sovereign immunity does not apply. This Court need not determine this novel and complex issue of North Carolina constitutional law.

Accordingly, the Court should decline to exercise supplemental jurisdiction over any claims Krehnbrink brings against UNC-CH under the state constitution.

E. Krehnbrink Both Failed to State and Abandoned His State Law Claims Against UNC-CH.

Krehnbrink has failed to state any additional claims under North Carolina law. Further, Krehnbrink does not contest UNC-CH's

arguments regarding his failure to state any of these claims; instead, he argues that he has attempted to cure his complaint by joining individual defendants. *See* Docket Entry 9 at 13. It is therefore recommended that the Court dismiss Krehnbrink's state law claims against UNC-CH.

1. Sovereign Immunity Bars Krehnbrink's Tort Law Claims Against UNC-CH.

As previously stated, sovereign immunity bars claims brought by Krehnbrink against UNC-CH absent Congressional abrogation or waiver. *See Hooper v. North Carolina*, 379 F. Supp. 2d 804, 812 (M.D.N.C. 2005). And as UNC-CH correctly argues, "the State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act." *Id.* Thus, the only tort claim Krehnbrink could pursue against UNC-CH directly is one under the Tort Claims Act, and even there he would have to bring it before the Industrial Commission rather than this Court.

2. Krehnbrink has not stated any Contract Law Claims Against UNC-CH.

Krehnbrink alleges that he had both an express employment contract and

---

[5] This Opinion does not fully resolve this issue because Krehnbrink's Whistleblower Act claim is barred by the

statute's filing deadline. *See infra*, Section IV.3.

an implied-in-fact contract. *See* Docket Entry 10-1 at 11, 34. But Krehnbrink alleges only that UNC-CH did not renew his express contract, not that UNC-CH breached it. *Id.* at 11. And it "is a well-established principle that an express contract precludes an implied contract with reference to the same matter." *Mancuso v. Burton Farm Dev. Co. LLC*, 748 S.E.2d 738, 743 (N.C. App. 2013) (citation modified); *see also McLean v. Keith*, 72 S.E.2d 44, 53 (N.C. 1952). Thus, Krehnbrink has stated no breach of contract claim against the state of North Carolina.

Further, North Carolina treats claims for breaches of the implied covenant of good faith and fair dealing as "part and parcel" of breach of contract claims when the two claims involve the same facts. *See Cordaro v. Harrington Bank, FSB*, 817 S.E.2d 247, 256 (N.C. App. 2018). Krehnbrink has not distinguished his breach of contract and breach of implied covenant claims, so the Court should dismiss the latter alongside the former.

3. Krehnbrink's Claims Under the Whistleblower Protection Act Against UNC-CH are Time-Barred.

North Carolina's Whistleblower Protection Act requires that an employee file suit within one year of an alleged violation. N.C. Gen. Stat. § 126-86. Krehnbrink alleges that in late June of 2023, the Psychiatry Chair told him that his contract would last only ninety more days. Docket

Entry 10-1 at 11. But Krehnbrink did not file this lawsuit until late July of 2025, over two years later. *See* Docket Entry 1. And as previously stated, equitable tolling is not appropriate here. *Supra*, § IV.A. Krehnbrink therefore cannot sue UNC-CH under the Whistleblower Protection Act.

V. REQUEST TO ALLOW OUT-OF-STATE COUNSEL

In the final paragraphs of Krehnbrink's amended complaint, he describes how he wishes to retain counsel but has had difficulty finding an in-state attorney willing to litigate against UNC-CH because of personal connections to the school or fear of litigating against the State. Docket Entry 10-1 at 35. Krehnbrink therefore "requests that the Court grant him leave to retain counsel licensed in another jurisdiction, subject to the Court's discretion and approval under applicable pro hac vice provisions or any other mechanism the Court deems appropriate to permit out-of-state representation." *Id.* at 36.

The Court will not consider this request, for multiple reasons. First, Local Rule 7.3(a) requires that "[e]ach motion shall be set out in a separate document." Krehnbrink cannot make a motion by adding a request to the end of his complaint.

Second, Krehnbrink cites no authority for his suggestion that the Court create a new exception to the admission rules for the Middle District of North Carolina. If

9

Krehnbrink wishes to retain an out-of-state attorney, he may look to the existing procedures for doing so in the local rules. *See* M.D.N.C. L.R. 83.1(d).

VI. CONCLUSION

**IT IS ORDERED** that Krehnbrink's motion to file electronically, Docket Entry 8, is **GRANTED** and that Krehnbrink shall be allowed to file documents electronically in this case.

**IT IS RECOMMENDED** that the Court **GRANT** Krehnbrink's motion for leave to amend his complaint, Docket Entry 10. The Clerk **SHALL** file Docket Entry 10-1 as an amended complaint but wait for the Court's final ruling on the issue before adding the defendants listed therein to the caption.

**IT IS FURTHER RECOMMENDED** that the Court **GRANT** UNC-CH's motion to dismiss Krehnbrink's complaint, Docket Entry 5, and **DISMISS** all claims against UNC-CH.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

April 27, 2026
Durham, NC